UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA MARIE BARBERO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-02697-PLC |
| | ) | |
| WILHOIT PROPERTIES, INC., et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Theresa Marie Barbero for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. The Court also addresses Plaintiff's motion to appoint counsel. (Docket No. 3).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a pro se litigant who brings this civil action against defendants Wilhoit Properties, Inc., Robert Davidson, Sandra Heidelberg, and Ami Poole. She asserts that this Court has jurisdiction based on Fair Housing Act violations pursuant to 42 U.S.C. § 3601, and civil rights violations pursuant to 42 U.S.C. § 13603. (Docket No. 1 at 3).

Plaintiff states that her first contact with Wilhoit Properties was on October 9, 2018. (Docket No. 1 at 5). She does not describe the nature of that contact. Plaintiff goes on to state that Wilhoit Properties' leasing manager, Ami Poole, "slowly processed" her rental application. Poole also checked her credit twice: once on November 27, 2018, and again on December 27, 2018.

In the first week of November 2018, plaintiff received her first HUD voucher. She states that she had four months to use it, and that it would expire on February 28, 2019.

Plaintiff "moved into Wilhoit's property [on] January 2, 2019." Fifteen days later, she claims she was "forced to break the lease." Plaintiff explains that she had to break the lease because she was not able to get internet. She also asserts that people were "spying" on her, complaining about her emotional support animal, and smoking within a few feet of her and her dog, even though smoking was prohibited. Plaintiff alleges that she was "bullied" and that "Ami Poole denied it, lied about it[,] and refused to help me or protect me."

After plaintiff broke her lease, she states that Wilhoit Properties "stole" her deposit and refused a refund. Wilhoit also "retaliated" by mailing plaintiff a "threatening letter…trying to steal an additional $1,500." Plaintiff states that Wilhoit Properties threatened to send her to collections if she did not pay them in fourteen days. However, plaintiff insists that she did not owe them money, but that Wilhoit Properties owed her money.

Plaintiff states that she has "exhausted all avenues" trying to get Wilhoit Properties to refund her money. She claims she has suffered mentally and physically due to Wilhoit Properties' gross negligence. She also states she has had to incur credit card debt paying for hotels. Finally, plaintiff notes that her HUD voucher expired before she was able to use it.

Plaintiff states that her moving costs have been $2,530, that her HUD voucher was for $12,600, and that she has spent $10,000 on hotels. (Docket No. 1 at 4). She tallies her actual

3

damages at $25,000, and calculates her mental anguish and trauma as three times that amount. (Docket No. 1 at 6). Thus, she is seeking $75,000 in damages. Plaintiff also wants her "rights restored along with housing provided." (Docket No. 1 at 5).

## Discussion

Plaintiff alleges that after she was forced to break a lease with Wilhoit Properties, Wilhoit Properties refused to refund her deposit and sought additional money from her. She also complains about the slow processing of her rental application, the fact that her credit was checked twice, and about not being protected from bullying. From the face of the complaint it does not appear that the Court has subject matter jurisdiction over this action. Thus, for the reasons discussed below, plaintiff will be directed to show cause why her case should not be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter

4

jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff specifically asserts federal question jurisdiction. As explained below, however, she has not demonstrated that either federal question or diversity of citizenship jurisdiction exists.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). A plaintiff's complaint must establish "either that federal law creates the cause of

5

action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

Plaintiff contends that the Court has jurisdiction pursuant to 42 U.S.C. § 3601, based on Fair Housing Act violations, and pursuant to 42 U.S.C. § 13603, based on civil rights violations. However, the facts contained in plaintiff's "Statement of Claim" do not support this contention.

"The Fair Housing Act prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). *See also Khan v. City of Minneapolis*, 922 F.3d 872, 873 (8th Cir. 2019) (stating that the FHA is "a federal law that generally prohibits making unavailable or denying a dwelling because of a person's race, color, religion, sex, familial status, or national origin"). A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. *See Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003). However, the party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997). Here, none of plaintiff's factual statements support an allegation of discrimination on the basis of race, color, religion, sex, familial status, or national origin.

Meanwhile, 42 U.S.C. § 13603 governs the establishment of criteria for occupancy in federally assisted housing. Pursuant to 42 U.S.C. § 13601, "[t]he Secretary of Housing and Urban Development shall require owners of federally assisted housing…as a condition of receiving housing assistance for such housing, to comply with the procedures and requirements established under this subchapter." Here, plaintiff has not alleged that Wilhoit Properties meets the definition of "federally assisted housing." *See* 42 U.S.C. § 13641. She has also failed to provide any facts

demonstrating that Wilhoit Properties failed to comply with any established procedures or requirements pertaining to federally assisted housing..

Plaintiff has not shown that her case implicates any federal statutes, federal treaties, or provisions of the United States Constitution. Furthermore, plaintiff's action is not directed against a federal official, a federal agency, or the federal government itself. Specifically, as discussed above, her "Statement of Claim" does not show a violation of the Fair Housing Act or a violation of the criteria for occupancy in federally assisted housing. Therefore, plaintiff has not established that this Court has federal subject matter jurisdiction over her case.

### C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical

7

presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff has alleged a jurisdictional amount of $75,000. However, based on the information contained in the complaint, both plaintiff and defendants are citizens of Missouri, meaning the parties are not diverse. Therefore, plaintiff has failed to establish that the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### A. Order to Show Cause

As discussed above, plaintiff has not adequately provided a basis for this Court's jurisdiction. If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Therefore, the Court orders plaintiff to show cause within thirty (30) days after the date of this Order why this case should not be dismissed for lack of subject matter jurisdiction. Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice.

### B. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability

of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, plaintiff is being directed to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses and if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing and within **thirty (30) days** after the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS FINALLY ORDERED** that failure to comply with this Order will result in the dismissal of this case without prejudice and without further notice.

Plaintiff's motion to add a new defendant (Docket No. 5) remains pending until the Court resolves whether it has subject matter jurisdiction over this action.

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of February, 2020