**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

THERESA MARIE BARBERO,            )
                                  )
       Plaintiff,              )
                                  )
v.                                )      No. 4:19-cv-02697-PLC
                                  )
WILHOIT PROPERTIES, INC., et al., )
                                  )
       Defendants,             )

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the written response submitted by plaintiff Theresa Marie Barbero to the Court's February 10, 2020 order to show cause. (Docket No. 8). Having reviewed the response, and for the reasons discussed below, the Court will dismiss this action for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a self-represented litigant who filed a civil action against defendants Wilhoit Properties, Inc., Robert Davidson, Sandra Heidelberg, and Ami Poole on October 2, 2019. (Docket No. 1). She asserted that this Court had jurisdiction based on Fair Housing Act violations pursuant to 42 U.S.C. § 3601, and civil rights violations pursuant to 42 U.S.C. § 13603. (Docket No. 1 at 3).

2

In the complaint, plaintiff stated that Ami Poole, the Wilhoit Properties' leasing manager, "slowly processed" her rental application and checked her credit twice. She "moved into Wilhoit's property [on] January 2, 2019," but had to "break the lease" fifteen days later. Plaintiff alleged that she had to break the lease because she could not get internet, because people were "spying" on her, and because people were smoking, even though it was prohibited. She further alleged that Ami Poole did nothing about people bullying her.

After breaking her lease, plaintiff claimed that Wilhoit Properties "stole" her deposit and refused a refund, and also "retaliated" against her by mailing plaintiff a "threatening letter…trying to steal an additional $1,500." Plaintiff insisted that she owed Wilhoit Properties no money.

As a result of this incident, plaintiff stated that she had to incur credit card debt to pay for hotels, and that her HUD voucher expired because she could use it. She calculated that her moving costs have been $2,530, that her HUD voucher was for $12,600, and that she has spent $10,000 on hotels. (Docket No. 1 at 4). Plaintiff asserted that her actual damages were $25,000, but since her mental anguish and trauma were three times that amount, she sought $75,000 in damages. (Docket No. 1 at 6). She also wanted her "rights restored along with housing provided." (Docket No. 1 at 5).

On February 6, 2020, plaintiff filed a "motion to add new defendant," seeking to add Hunter Warfield and Stephen Sobota as defendants. (Docket No. 5). In the motion, plaintiff also sought to change "the status of the lawsuit to diversity." In support of the motion, plaintiff stated that Wilhoit sent Warfield "a fake and fraudulent collection." Plaintiff also repeated the allegations in the complaint, namely that Wilhoit discriminated against her and slowly processed her application; that internet was not provided by Wilhoit; that other tenants smoked and complained about

3

plaintiff's dog; that she felt "bullied;" and that she left and went to a hotel, where she "maxed out" her credit card.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. On February 10, 2020, the Court ordered plaintiff to show cause why her case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 6). In the order, the Court noted that plaintiff's allegations did not support the contention that her claim arose pursuant to 42 U.S.C. § 3601 or 42 U.S.C. § 13603, and that federal question jurisdiction appeared to be lacking. Further, the Court explained that there was no diversity jurisdiction, as there was not diversity between the parties. The Court directed plaintiff to show cause within thirty days as to why her case should not be dismissed for lack of subject matter jurisdiction.

Plaintiff submitted a show cause response on March 5, 2020. (Docket No. 8). On March 11, 2020, she filed a motion to add a government defendant. (Docket No. 9).

**Show Cause Response and Motion to Add Government Defendant**

In her show cause response, plaintiff states that she "prefers" to have "the Federal courts" hear her claim because the "issues of [her] claims include HUD housing violations" under 42 U.S.C. § 3601. She also states that there are civil rights violations under 42 U.S.C. § 13603. Finally, plaintiff asserts that this Court has jurisdiction pursuant to 18 U.S.C. § 3231, which grants district courts "original jurisdiction...of all offenses against the laws of the United States."

Shortly after filing her show cause response, plaintiff filed a motion to add a government defendant. The motion seeks to add the United States Department of Housing and Urban Development. In support, plaintiff states that she waited two years for a HUD housing voucher, and that because of Wilhoit's "negligence," she did not get to use the voucher once she received

4

it. Plaintiff's motion also repeats allegations against Wilhoit for not providing internet, and that other tenants were smoking in a smoke-free area.

## Prior Cases Filed in Western District of Missouri

Before filing the instant action, plaintiff filed a nearly-identical lawsuit against Wilhoit in the United States District Court for the Western District of Missouri. *Barbero v. Wilhoit Property Management, Inc.*, No. 6:19-cv-3169-SRB (W.D. Mo. May 10, 2019). In her complaint, plaintiff stated she had waited two years to get a HUD voucher, after which she applied to Wilhoit. She claimed Wilhoit delayed the process and checked her credit twice. When plaintiff eventually moved in, she asserted she did not have internet. She also stated that the "neighbors were smoking and complaining about [her]," and that she was "bullied." Plaintiff eventually left and the timeframe to use her HUD voucher expired. She further noted that Wilhoit sent her a "threatening letter claiming that [she] owed them over $1,000 and would send [her] to collections." These are essentially the same claims made in the case before this Court.

Wilhoit filed a motion to dismiss on July 8, 2019. The Western District granted the motion on August 15, 2019. Plaintiff filed a notice of appeal on August 16, 2019. The United States Court of Appeals for the Eighth Circuit affirmed the judgment of the Western District on March 2, 2020. *Barbero v. Wilhoit Property Management, Inc.*, No. 19-2790 (8th Cir. 2020).

Plaintiff filed a second civil action in the United States District Court for the Western District of Missouri on September 18, 2019. *Barbero v. Wilhoit Property Management, Inc., et al.*, No. 6:19-cv-3332-SRB (W.D. Mo.). This time, she named three defendants: Wilhoit; Sandra Heidelberg; and Ami Poole. Her allegations, however, were the same as before. Once again, plaintiff contended that her civil rights were violated, that tenants were allowed to bully her, that

her HUD voucher was "sabotaged," that her deposit was taken, and that she was falsely accused of owing Wilhoit money.

The Western District denied plaintiff's motion for leave to proceed in forma pauperis on September 27, 2019. In so doing, the Western District noted that plaintiff's complaint was based on the same factual allegations as her previously-dismissed action, and also that she had failed to state a claim. Plaintiff filed a notice of appeal on October 2, 2019, the same day she filed the instant action in this Court. The United States Court of Appeals for the Eighth Circuit summarily affirmed the Western District on March 2, 2020. *Barbero v. Wilhoit Property Management, Inc., et al.*, No. 19-3164 (8th Cir. 2020).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action alleging that defendants caused her to lose her housing and forced her to incur housing-related expenses. For the reasons discussed below, the Court will dismiss this case for lack of subject matter jurisdiction, and because plaintiff has failed to state a claim.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also*

*Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8ᵗʰ Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8ᵗʰ Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8ᵗʰ Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8ᵗʰ Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, at various points, plaintiff has attempted to assert both federal question jurisdiction and diversity jurisdiction. As explained below, however, she has not demonstrated that either exists in this case.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8ᵗʰ Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8ᵗʰ Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8ᵗʰ Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8ᵗʰ Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face

7

of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction"). A plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

In this case, plaintiff proposes three bases for federal question jurisdiction: 42 U.S.C. § 3601, based on Fair Housing Act violations; 42 U.S.C. § 13603, based on civil rights violations; and 18 U.S.C. § 3231. However, none of the facts contained in plaintiff's complaint, her show cause response, or her motions support these contentions.

To begin, "[t]he Fair Housing Act prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). *See also Khan v. City of Minneapolis*, 922 F.3d 872, 873 (8th Cir. 2019) (stating that the FHA is "a federal law that generally prohibits making unavailable or denying a dwelling because of a person's race, color, religion, sex, familial status, or national origin"). A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. *See Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003). However, the party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997). Here, none of plaintiff's factual statements support an allegation of discrimination on the basis of race, color, religion, sex, familial status, or national origin. Indeed, though concluding that she has been discriminated against, plaintiff does not mention race, color, religion, sex, familial status, or national origin whatsoever. Therefore, 42 U.S.C. § 3601 does not provide plaintiff with a jurisdictional basis.

8

Meanwhile, 42 U.S.C. § 13603 governs the establishment of criteria for occupancy in federally assisted housing. Pursuant to 42 U.S.C. § 13601, "[t]he Secretary of Housing and Urban Development shall require owners of federally assisted housing...as a condition of receiving housing assistance for such housing, to comply with the procedures and requirements established under this subchapter." Here, plaintiff has not alleged that Wilhoit Properties meets the definition of "federally assisted housing." *See* 42 U.S.C. § 13641. She has also failed to provide any facts demonstrating that Wilhoit Properties failed to comply with any established procedures or requirements. Therefore, 42 U.S.C. § 13603 does not provide plaintiff with a jurisdictional basis.

Finally, 18 U.S.C. § 3231 confers criminal jurisdiction on United States courts. Specifically, § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction...of all offenses against the laws of the United States." This section is not relevant to the issue of whether this Court has federal question jurisdiction in plaintiff's civil action.

Having reviewed plaintiff's case, the Court has been unable to find any other indication that her action implicates a federal question. Aside from those discussed above, plaintiff has not identified any federal statutes, federal treaties, or provisions of the United States Constitution as being at issue. This case does not arise under 42 U.S.C. § 1983, because a § 1983 claim requires the defendants to have acted under color of state law, which is not alleged here. *See Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

Furthermore, plaintiff's complaint is not directed against a federal official, a federal agency, or the federal government itself. Subsequent to the Court's show cause order, however, plaintiff filed a motion to add the United States Department of Housing and Urban Development as a defendant. As will be discussed below, the motion is being denied. Relevant here is that

9

plaintiff has made absolutely no allegations against the department. That is, she does not charge the department with any wrongdoing or with harming her. Instead, she only repeats the allegations against Wilhoit that she has made elsewhere.

With regard to the HUD voucher, plaintiff has failed to establish that the voucher alone creates a cause of action. Moreover, plaintiff's right to relief does not depend on a question of federal law regarding the voucher. Rather, everything that plaintiff has presented indicates that this is a state landlord-tenant dispute, not a federal matter. *See Williams*, 147 F.3d at 702 (explaining that to establish federal question jurisdiction, a plaintiff's complaint must show "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law").

For the above-stated reasons, plaintiff has not demonstrated the existence of federal question jurisdiction in this case.

## C. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of

recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

With regard to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention to remain there. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

In this case, plaintiff has alleged damages of $75,000, which is the jurisdictional amount. However, based on the information contained in the complaint, there is not diversity between the parties. That is, both plaintiff and defendants are citizens of Missouri. In an attempt to get around this, plaintiff has filed a motion to add two new defendants, who are purportedly citizens of Florida. (Docket No. 5). She indicates that she is doing so to meet the requirements of diversity jurisdiction. Nevertheless, even if the Court were to grant the motion and add the defendants, plaintiff has still not established complete diversity among the parties, because complete diversity requires that no defendant be a citizen of the same state where plaintiff holds citizenship. Adding two out-of-state defendants does not change the fact that plaintiff and the previously-named defendants are still citizens of the same state. Therefore, plaintiff has not demonstrated the existence of diversity jurisdiction in this case.

### D. Failure to State a Claim

Even if plaintiff were assumed to have established subject matter jurisdiction, her complaint still fails to state a claim upon which relief can be granted. With regard to defendants Davidson and Heidelberg, plaintiff presents no factual allegations against them in the complaint. They are only mentioned in the caption and in the section of the form complaint to identify the

11

defendants. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

With regard to defendant Poole, plaintiff states only that Poole "slowly processed" her rental application, checked her credit twice, and "refused to help [her]" when she said that other tenants were bullying her. These allegations are vague and conclusory, and fail to raise a right to relief beyond the speculative level. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Moreover, there are no allegations against Poole asserting that Poole acted in a discriminatory manner or did anything to violate plaintiff's civil rights.

Finally, with regard to Wilhoit itself, the allegations plaintiff has presented are almost entirely conclusory. While the Court must accept plaintiff's facts as true, it is free to ignore her conclusions. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). For instance, plaintiff alleges that Wilhoit "stole [her] deposit," without providing any support for this proposition, and despite acknowledging that she was the one to break the lease with Wilhoit. Similarly, plaintiff asserts that Wilhoit "retaliated" against her by mailing her a letter that threatened to send her to collections. Plaintiff asserts no facts establishing that Wilhoit took an adverse action against her because she engaged in some protected activity. Rather, the allegations, such as they are, establish that after plaintiff broke her lease with Wilhoit,

12

Wilhoit sought collection of sums they believed were owed to them. Whether or not Wilhoit is entitled to such sums, plaintiff has not asserted anything to show that Wilhoit acted wrongfully. Plaintiff also implies that Wilhoit's actions somehow kept her from using her HUD voucher, attributing this to their "negligence." At no point, though, does plaintiff actually allege why she was unable to use the HUD voucher before its expiration, or why that failure was attributable to Wilhoit.

Certainly, nothing in the complaint or the subsequent motions states a claim under the Fair Housing Act or 42 U.S.C. § 13603. In particular, with regard to the Fair Housing Act, none of plaintiff's factual statements support an allegation of discrimination on the basis of race, color, religion, sex, familial status, or national origin. Likewise, with regard to § 13603, plaintiff has not alleged that Wilhoit Properties meets the definition of "federally assisted housing," or that Wilhoit Properties failed to comply with any established procedures or requirements.

For these reasons, even if the Court had subject matter jurisdiction, plaintiff's complaint must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### E. Preservice Dismissal

As noted above, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray*, 567 F.3d at 982. The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). In this case, plaintiff has not carried her burden of establishing the Court's subject matter jurisdiction over this action. The federal statutes she proposes as a basis for federal question jurisdiction are not implicated by her factual allegations. Plaintiff has also failed to demonstrate complete diversity between the parties, meaning that she has not established diversity jurisdiction

13

either. Therefore, the Court must dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Moreover, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss a case at any time it determines that a complaint is frivolous, malicious, or fails to state a claim. Here, plaintiff's complaint fails to state a claim against any of the defendants. For this reason as well, the Court must dismiss this action.

**F.  Motion to Add New Defendant**

Plaintiff has filed a motion seeking to add Hunter Warfield and Stephen Sobota as defendants, and "[c]hanging the status of the lawsuit to 'diversity.'" (Docket No. 5). As discussed above, adding Warfield and Sobota as defendants would not establish diversity jurisdiction, as there still would not be complete diversity between plaintiff and all defendants. Moreover, in seeking to add Warfield and Sobota, plaintiff provides no factual allegations against them that are sufficient to state a claim. Rather than present facts showing what Warfield and Sobota did to harm her, plaintiff merely repeats her accusations regarding Wilhoit "slowly" processing her application, not providing internet, not keeping people from smoking, and hiring a collection agency to harass her and damage her credit. There is nothing in the motion to support the request that Warfield or Sobota should be added as defendants. Therefore, the motion will be denied.

**G.  Motion to Add a Government Defendant**

Plaintiff has also filed a motion to add a government defendant, seeking to include the United States Department of Housing and Urban Development in this lawsuit. (Docket No. 9). In support of the motion, plaintiff realleges that Wilhoit did not provide her internet, did not stop other tenants from smoking, "mailed a fraudulent letter to the tune of about $1,500 of fake charges," and reported her to the credit bureau. Absent from the motion is any indication that the

14

Department of Housing and Urban Development is responsible for these incidents. That is, plaintiff's motion focuses solely on Wilhoit's actions, and does not explain what the department did or did not do that was wrongful or violated her rights. In filing this motion, it is apparent that plaintiff is attempting to establish federal question jurisdiction by naming a federal department as a defendant. However, she has presented no support for her request, and provided no factual allegations against the Department of Housing and Urban Development. Therefore, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to add defendant (Docket No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to add a government defendant (Docket No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of July, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE